## EUSTACE v. GREENVILLE COUNTY.

1. FELONIES—DEFENDANT'S WITNESSES.—Under the statutes of this State, now of force, the defendant in all cases of felony is entitled to like process as the State to compel the attendance of witnesses, and the witnesses so bound over are entitled to be paid in like manner as State witnesses. These provisions are not limited to cases of *capital* felony.

2. IBID.—WITNESSES—CERTIFICATE.—A witness in a case of felony is not entitled to demand his per diem and mileage from the county, unless the Circuit Judge before whom the case was tried shall certify that such witness was material. This requirement of the statute is not satisfied by a certificate of the clerk of court that the claimant was "bound over as a material witness," and by the trial judge marking such certificate "approved."

Before IZLAR, J., Greenville, March, 1893.

Claim of J. C. Eustace against Greenville County. The Circuit judgment was as follows:

This is an appeal by the plaintiff from a judgment of the board of the county commissioners for said county, disallowing a claim presented by the plaintiff against the defendant county. The facts, as I gather them, are as follows: The plaintiff, some time previous to July, 1892, was regularly bound over to appear at the July term, 1892, of the Court of General Sessions of the said county and testify as a witness in behalf of the defendant in the case of the State against Geo. C. Head, indicted under the act of 1887, for house-breaking and larceny. He appeared at said term, was sworn as a witness, and testified in behalf of said defendant. After the trial, a pay certificate, of which the following is a copy, was issued to the plaintiff. * * * Afterwards, this pay certificate was presented to the board of county commissioners for said county for approval and payment. On the 21st day of February, 1893, the said board acted upon said claim, disallowing the same and refusing payment thereof. From this action and judgment of the said board of county commissioners, the plaintiff appealed to this court. The appeal was heard by me at the March term, 1893, of the Court of Common Pleas for said county.

Two questions are presented: (1) Did the Circuit Judge certify according to the requirement of the statute in such case provided, and (2) was the plaintiff bound over to testify in behalf of a person accused of a felony. Section 2197 of the General Statutes provides that no fees or other compensation shall be allowed to any witness bound over to testify in any case in the Court of General Sessions unless the Circuit Judge who tried the case in which the witness was summoned shall certify that such witness was material, and in that case, the witness shall be allowed fifty cents for each day of his attendance, and five cents per mile one way for necessary travel. It is contended that there is no certificate of the Circuit Judge who tried the cause as to the materiality of the plaintiff as a witness in said cause; that the only certificate is that of the clerk, and this certificate goes no further than to say that the plaintiff was regularly bound over as a material witness, and that the approval of the presiding judge was only of this fact, and not that the witness was material. While I cannot commend the form of the certificate in this case, I am inclined to think that when the whole certificate is considered, there is substantial compliance with the statute, and that is equivalent to the certificate of the Circuit Judge who tried the case * * * that such witness was material. This section, 2197, plainly declares that where the Circuit Judge who tried the cause shall certify that the witness was material, such witness shall be allowed fifty cents for each day of his attendance, and five cents per mile one way for necessary travel. The language is in that case, "that where the Circuit Judge shall certify that the witness was material, the witness shall be allowed," &c. No distinction is made in the act between the witness for the prosecution and a witness for the defence. If this objection to the form of the certificate was all, I think the county would be liable for the claim of the plaintiff. Section 622 of the General Statutes provides, that each county shall pay witness fees in State cases for actual attendance upon the Circuit Court, as provided by law, and section 2197 provides in what case they shall be paid, and what they shall receive.

As to the second question, I am not so clear. Section 835 of

the General Statutes provides that the accused shall in felonies, and in no other cases, have the like process to compel the attendance of any witness in his behalf as is granted and permitted on the part of the State.' I am of the opinion that the word felonies in this section must be restricted to capital felonies. This, I think, will clearly appear by reference to the act of 1731, 3 Stat. at Large, 286. The certificate in this case shows upon its face that the plaintiff was not bound over to testify in behalf of a person accused of a capital felony. The offence, though a statutory felony, was one which did not entitle the defendant to certain privilege accorded by law to those accused of capital felonies.

In the view I take of the case, therefore, the county is not liable for the claims of the plaintiff. It is, therefore, ordered and adjudged, that the appeal be dismissed, and the judgment of the board of county commissioners be, and the same is hereby, affirmed.

*Mr. C. J. Hunt,* for appellant.

*Messrs. Stoddard & Earle,* contra.

September 12, 1894. The opinion of the court was delivered by

MR. JUSTICE GARY. The facts in this case appear in the judgment of the court below, which will be set forth in the report of this case.

Sec. 622 of the Gen. Stat. provides that: "Each county shall pay witnesses' fees, in State cases, for actual attendance on the Circuit Courts, as provided by law." Sec. 835 of the Gen. Stat., amongst other things, provides: "And the accused shall in felonies, and no other case, have the like process to compel the attendance of any witness in his behalf as is granted or permitted on the part of the State." Sec. 2197 of the Gen. Stat. provides that: "No fees or other compensation shall be allowed to any witness, bound over or summoned to testify in the Court of General Sessions, unless the Circuit Judge who tried the cause in which the witness was summoned shall certify that such witness was material, and in that case the witness shall be allowed fifty cents for each day of his attendance, and

five cents per mile, one way, for necessary travel: Provided, however, That in courts of trial justices they shall receive no fees or compensation whatever for attendance in criminal causes.''

Appellant's first exception is as follows: 1. "Because his honor erred in holding that witnesses for a defendant shall only be paid in case of capital felonies, and not in felonies less than capital." The presiding judge says: "Section 835 of the General Statutes provides that the accused shall in felonies, and in no other cases, have the like process to compel the attendance of any witness in his behalf as is granted and permitted on the part of the State. I am of the opinion that the word felonies in this section must be restricted to capital felonies. This, I think, will clearly appear from the act of 1731, 3 Stat. at Large, 286. The certificate in this case shows upon its face that the plaintiff was not bound over to testify in behalf of a person accused of a capital felony. The offence, though a statutory felony, was one which did not entitle the defendant to certain privileges accorded by law to those accused of capital felonies." The act of 1731 (3 Stat., 286), uses the word "capital," which is left out in section 835 of the General Statutes. Section XLIV. of the act of 1731 is as follows: "And be it further enacted, That all and every person and persons who shall be accused, indicted, or tried for any such treason, murder, felony, or other capital offence whatsoever, shall have the like process of the court where he or they shall be tried, to compel their witnesses to appear for them at any such trial or trials, as is usually granted to compel witnesses to appear against them." We think the repeal of this section, and embodying a part of its provisions in section 835 of Gen. Stat., in which the word "capital" is omitted, show that the view announced by the Circuit Judge can not be sustained. This exception is sustained.

Plaintiff's second exception is as follows: 2. "Because his honor erred in not holding that the defendant county is liable for the pay of defendant's witnesses in all cases of felonies, where it appears that said witness was regularly bound over, and the Circuit Judge who tried the case certifies that such

13—42

witness was material." There is nothing in the foregoing sections which denies to witnesses for the defendant their fees for attending in cases of felony where it appears that they were regularly bound over, and the Circuit Judge who tried the case certifies that such witness was material.

Taking all the sections aforesaid under consideration, we think it was the intention of the legislature that when it provided: "The accused shall in felonies, and no other case, have the like process to compel the attendance of any witness in his behalf as is granted or permitted on the part of the State," such witnesses should receive their fees just as witnesses bound over for the State, in the absence of any provision of the law that a distinction should be made in the payment of such witnesses. This exception is sustained.

Plaintiff's third exception is as follows: "Because his honor erred in dismissing plaintiff's appeal, when he should have held that the defendant was liable for the amount asked for by the plaintiff, his pay certificate having been made in due form, and certified to by the trial judge, as required by the statutes in such cases." Respondent served the following notice: "Take notice that if the Supreme Court should fail to sustain the judgment in the above stated case upon the ground upon which the Circuit Judge based said judgment, the respondent will insist that the Supreme Court sustain said judgment on the ground: 1. That the certificate issued to the plaintiff, J. C. Eustace, is fatally defective: (a) Because said certificate was issued by the clerk of the court of Common Pleas and General Sessions, and only approved by the Circuit Judge, and was not issued by the Circuit Judge who tried the cause. (b) Because said certificate only states that J. C. Eustace was bound over as a material witness, &c., and does not state that he was material, as required by law. 2. That in no case is the county liable for the payment in criminal cases of witnesses for the defendant."

A copy of the witness certificate is as follows: "The State against George C. Head. Indictment, house breaking and larceny. July Term, 1892. The County of Greenville to J. C. Eustace, to 7 days, $3.50. Total, $3.50. Appeared before

me, J. C. Hunt, and makes oath that he, J. C. Eustace, was regularly bound over as a witness in the above stated case, and did attend as a witness as above stated. Sworn to before me, this 3d day of August, 1892. C. J. Hunt. A. J. Moseley, C. C. P. & G. S. I, A. J. Moseley, clerk of the Circuit Court of Greenville County, do certify that J. C. Eustace was regularly bound over as a material witness in the above stated case. A. J. Moseley, C. C. P. & G. S. Approved. T. B. Fraser, presiding judge.''

This certificate is not sufficient. The certificate is not made by ''the Circuit Judge who tried the cause in which the witness was summoned,'' but by the clerk of the court; nor is the certificate to the effect that the witness was ''material,'' but that he ''was regularly bound over as a material witness in the above stated case.'' It is true, the presiding judge signed his name under the word ''Approved,'' written on the certificate, but this was not a compliance with the statute. The object of the statute was that the question of materiality of the witness should be decided by the presiding judge, and that the certificate should be signed by him. The certificate, before it was ''approved'' by the presiding judge, was clearly illegal, and the approval by him did not give it validity in law. This question was not decided in the case of *Hellams* v. *Greenville County*, 32 S. C., 441. This exception is overruled on the grounds stated in respondent's notice above mentioned.

It is the judgment of this court, that the judgment of the court below, for the reasons herein stated, be affirmed.